# CHARLESTON.

ANTONIO ERCOLE v. F. L. DANIEL

(No. 6038)

Submitted January 31, 1928. Decided February 7, 1928.

1. TRIAL—*Defendant Going on With Trial Waives Exceptions to Overruling His Motion to Strike Out Plaintiff's Evidence.*

   In a trial of a case when the plaintiff has given in his evidence in chief and rests, and the defendant moves to strike out plaintiff's evidence, and his motion is overruled,

and the defendant excepts, but goes on with the trial, giving in his evidence, he will be held to have waived the exceptions to such ruling.   (p. 121.)

(Trial, 38 Cyc. p. 1411 [Anno].)

2.   MASTER AND SERVANT—*Proof That Defendant Owned Automobile Causing Injury by Driver's Negligence Creates Presumption That Driver Was in Service of Owner.*

In an action for recovery of damages for personal injuries sustained by plaintiff by reason of being struck by an automobile, proof that defendant was the owner of the automobile that caused the injury, and that the injury was the result of negligence of the driver thereof, creates a presumption that the driver when the collision occurred was in the service of the owner and operating it on his account.   (p. 122.)

(Motor Vehicles, 42 C. J. §§ 1008, 1009.)

3.   SAME—*Automobile Owner, Submitting no Evidence Rebutting Presumption of Driver's Agency, is Not Prejudiced by Binding Instruction for Plaintiff Omitting Element of Relationship.*

Where in such case the defendant submits no evidence to rebut such presumption, he is not prejudiced by a binding instruction given on behalf of the plaintiff in which the element of such relationship is omitted.   (p. 122.)

(Motor Vehicles, 42 C. J. § 1091 [Anno].)

4.   TRIAL—*Instructions Must be Considered as Whole in Determining Whether Law is Properly Expressed.*

An instruction must be considered as a whole in determining whether the law applicable to the particular case is properly expressed therein.   (p. 122.)

(Trial, 38 Cyc. p. 1778.)

5.   APPEAL AND ERROR—NEW TRIAL—*Applications for New Trial Because Verdict is Not Supported by Evidence or is Against Weight of Evidence Are Addressed to Trial Judge's Sound Discretion; if Any Appreciable Evidence Justifies Verdict, Appellate Court Will Not Interfere With Overruling Motion for New Trial Because Verdict Was Not Supported by Evidence or Was Against Weight of Evidence.*

Applications for a new trial on the ground that the verdict is not supported by the evidence, or that it is against the weight of the evidence, are addressed in the first instance to the sound discretion of the trial judge.   When this discretion has been exercised, and the motion for a new trial overruled, this Court will not interfere, if there is any appreciable evi-

.dence which would justify the jury in reaching the conclusion set forth in the verdict. (p. 123.)

(Appeal and Error, 4 C. J. § 2875 ; New Trial, 29 Cyc. p. 1009.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by Antonio Ercole against F. L. Daniel. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Hubard & Bacon,* for plaintiff in error.

*D. D. Ashworth* and *C. R. Harless,* for defendant in error.

WOODS, JUDGE :

This action was instituted in the circuit court of Raleigh County to recover for personal injuries sustained by plaintiff by reason of his having been struck by defendant's automobile, driven by the latter's son, Dyrle. The jury brought in a verdict in favor of the plaintiff for $2,000.00, and from the judgment on the verdict, the defendant prosecutes this writ.

The accident occurred in March, 1926, on a long grade, locally known as the Mabscott hill, situate near the city of Beckley. Snow had been falling and the road was very slick. At the point of the accident the hard surface portion of the highway is ten feet in width with approximately a five-foot .shoulder on each side, making a total space of twenty feet over which automobiles and other vehicles could be driven in safety. Dyrle Daniel was driving down the grade. With him were Ruby Gray, Maycel Stevens, Mary Baldwin, Bessie DeWeese and Virginia Daniels. The other two eye witnesses to the accident were the plaintiff and a person named L. S. Price. Plaintiff was walking up the grade and Price was in a Ford automobile going in the same direction.

The plaintiff states that he was following a path along the left hand shoulder of the road, and that defendant's car was running down the hill at a great rate of speed. L. S. Price, who was driving on the right side of the road next to the hollow, states that he had not passed the plaintiff, but was practically even with him; that he saw the Daniel car approach-

ing at a dangerous rate of speed "driving all over the road"—running from twenty to thirty miles an hour. This same witness testifies further that he drove his Ford automobile over to a point within about one foot of the brink of the steep embankment on his right of the road, and stopped; that the Daniel automobile turned sideways on the slick road, the front end going towards the bank and towards Ercole on Daniel's right hand side of the road, and the rear striking the left front wheel and fender of witness' automobile. Plaintiff states that he jumped from the path across a ditch on his left, and was attempting to climb the bank when Daniel's car struck him and pinned him against a loose stump lying on the bank. He was severely cut about the face; his spine was sprained and bruised and he was permanently injured and disabled.

The defendant's witnesses state that Dyrle had the car in second gear and was not going more than ten to fifteen miles an hour; that he had the car under control, and would have had room to pass Price's car, had plaintiff not suddenly jumped out from a position back of Price's car in front of the approaching automobile; and practically all of them state that Price rode into Beckley with them, and that he stated on the way in that the accident could not be helped.

The declaration contained three counts. The first is drawn on the doctrine of respondeat superior, while the second and third allege that the defendant kept, maintained, etc., the car for the use, comfort, convenience, etc., of himself and the several members of his family.

At the conclusion of the plaintiff's evidence the defendant moved to strike the same and direct a verdict. The court's action in overruling this motion is made the basis of defendant's first ground of error. After the motion had been overruled and an exception taken thereto, the defendant proceeded to introduce testimony on his own behalf. By this action on his part, he will be held to have waived the exception to such ruling. *Fuller* v. *Margaret Mining Company,* 64 W. Va. 437; *Young* v. *Railroad Company,* 42 W. Va. 112; *Grocery & Milling Company* v. *Watkins,* 41 W. Va. 787; *Poling* v. *Railroad Company,* 38 W. Va. 646.

Defendant complains of the giving of plaintiff's Instruction No. 1, which told the jury in effect that, if they believed the operator of the defendant's automobile was negligent, and that his negligence was the proximate cause of the injury to the plaintiff, they should find for the plaintiff and against the defendant. It is pointed out that this instruction ignores the question of the relationship of master and servant. The plaintiff did show that the driver was the son of the owner of the car, which raised a presumption of agency. *Ambrose* v. *Young,* 100 W. Va. 452; *Jones* v. *Cook,* 90 W. Va. 710. This has the effect to cast the burden of proof on the owner to show, if he can, that the negligent driver was not his agent or servant, or, if such servant, he was not at the time using the vehicle in the business of the owner. *Baker* v. *Maseeh,* 20 Ariz. 201; *Finegold* v. *Union Outfitting Co.,* 110 Neb. 202. In showing ownership of the car in the defendant, the plaintiff produces sufficient evidence to require the defendant to present his case. *Burns* v. *Brightman,* 44 R. I. 316. The doctrine necessarily includes the presumption that the servant in so driving the car was acting within the scope of his employment; for, if he were not so acting, the car would not in fact be in possession of the owner, but would be removed from such possession. *Mahan* v. *Walker,* 97 N. J. L. 304. Defendant did not attempt to rebut this presumption in any way. This, under the authorities cited, narrowed the issue to whether or not the car was operated negligently.

Instruction No. 4 is also attacked by the defendant on the ground that it tells the jury that, in arriving at the measure of damages, they may take into consideration any mental and physical pain and anguish to which the plaintiff has been subjected, or may have been subjected * * * and allow plaintiff such damages for the injuries, mental and physical pain, suffering, and loss of time which the plaintiff *may have sustained,* instead of telling them that they could take into consideration any loss of time, pain and anguish which he *did sustain,* as shown by the evidence. But when the clause complained of is considered in the light of the whole instruction, the jury were left to determine from all the evidence whether

in fact the plaintiff sustained injury by reason of the defendant's negligence, and the extent thereof. We cannot see that the jury could have been misled by it. It will also be noted that the trial court gave the eight several instructions offered on behalf of the defendant, which very thoroughly covered the case from his standpoint.

The final question is, Does the evidence sustain the verdict? The evidence clearly shows that the plaintiff was injured; that the defendant was the owner of the automobile; and that the driver was a son of the defendant. But as to the question of negligence there is a sharp conflict between the testimony for the plaintiff and that introduced on behalf of the defendant. This issue was properly submitted to the jury, and they found for the plaintiff. The defendant also propounded three interrogatories to the jury with the following result: (1) "Did Dyrle Daniel use reasonable and ordinary care in the operation of the automobile he was driving?" Answer, "No." (2) "In what particular did Dyrle Daniel fail to use reasonable and ordinary care in the operation of the automobile?" Answer, "By approaching a car at too great a speed." (3) "Was plaintiff, Antonio Ercole, guilty of any negligence which contributed to his alleged injury?" Answer, "No". The jury chose to believe plaintiff and Price in regard to the speed of the car, and as to whether or not plaintiff was guilty of contributory negligence. They were also conducted to the scene of the accident for a view of the premises.

The power of the jury to settle every issue of fact is paramount and exclusive, and applications for a new trial on the ground that the verdict is not supported by the evidence, or that it is against the weight of the evidence, are addressed in the first instance to the sound legal discretion of the trial judge. When this discretion has been exercised, and the motion for a new trial overruled, this Court will not interfere, if there is any appreciable evidence which would justify the jury in reaching the conclusion set forth in the verdict. We cannot say that they were not authorized to return the verdict that was returned by them in this case. *Wilson* v.

*Johnson,* 72 W. Va. 742; *Keenan* v. *Donohoe,* 70 W. Va. 600; *Whelan* v. *Railroad Company,* 70 W. Va. 442; *Mitchell* v. *Coal Company,* 67 W. Va. 480; *Coalmer* v. *Barrett,* 61 W. Va. 237. The judgment must be affirmed.

*Affirmed.*