STATE OF WEST VIRGINIA *v.* V. C. MYERS

(No. 8500)

Submitted March 2, 1937. Decided March 23, 1937.

*Guy H. Burnside* and *Anderson W. Hall,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

KENNA, PRESIDENT:

V. C. Myers was convicted in the Criminal Court of Harrison County upon an indictment which charged that he "feloniously, maliciously, and unlawfully upon one Floyd Vernon an assault did make, and him the said Floyd Vernon did then and there hit, strike, beat, cut and wound, with a dangerous and deadly weapon, to-wit, a knife, with intent him the said Floyd Vernon to maim, disfigure, disable and kill; * * *." After motions appropriate to save the points raised by the defendant at his trial had been overruled, he was sentenced to serve four years in the penitentiary and to that judgment petitioned the Circuit Court of Harrison County for a writ of error. To the judgment of the latter court declining the prayer of his petition, he prosecutes this writ of error.

The assignment of error based upon the insufficiency of the state's proof, we think, is without merit. The evidence was in conflict, the defendant contending, and offering proof that was calculated to show, that he was not present at the time and place that Vernon was as-

saulted. On the other hand, the state proved that on the evening of August 17, 1935, while reclining in a chair under a grape arbor at the home of his mother-in-law, Lena Myers, someone struck Vernon a severe blow in the face with a blunt instrument. This fact is not contradicted. Vernon testified that he recognized Myers by his face, form and voice, and there was evidence which placed Myers near the place of assault at approximately the hour that it took place. In this state of the proof, we believe that the questions of identity and of guilt were for the jury.

The serious phase of the case is the assignment of error based upon a variance between the allegations of the indictment and the proof offered at the trial. The indictment, which has been hereinbefore quoted verbatim, charged that the assault was made with a knife. To the contrary of this averment, Vernon testified that he was struck with a blunt instrument which his assailant let fly at him, and the doctor who treated his wound testified that from the nature of the wound it was his opinion that it could not have been made with a knife, and that it had the appearance of a wound made with some blunt instrument. There is no testimony tending indirectly or directly to prove that a knife was used in the assault.

The state meets this palpable variance by arguing that since, in an indictment of this sort, it is not necessary to allege the instrument with which the assault was committed, the averment naming the instrument may be treated as surplusage and in that way may be disregarded. There is authority bearing out this contention in so far as it affects immaterial averments. But there is a most decided difference between an immaterial averment and an averment that it is not necessary to make. In the former class it makes no difference whether the averment is left out of the indictment or is included in it. The latter class, while not material in the sense that leaving the averment out would make the indictment fatally defective, becomes quite material if the averment is made, because of the fact that by putting it in the accused is notified that his conviction will de-

pend upon the proof of the matters alleged. He is entitled to prepare his defense accordingly. To allege one thing and try him for a different thing is misleading and unfair. Illustrative of this principle is the descriptive matter that may be put in an indictment but which may also be dispensed with. It isn't necessary in an indictment for larceny to allege that the object stolen was a bay horse with a blazed face and three white feet. However, if the indictment does so allege, proof at the trial that a white horse was stolen must be excluded. The variance between the proof offered at the trial and the averment contained in this indictment, we think, is fatal, and for that reason the judgment of the Circuit Court of Harrison County will be reversed, the verdict of the jury set aside and the defendant awarded a new trial. *Herald* v. *State,* 37 Tex. Crim. R. 409, 35 S. W. 670; *Flournoy* v. *State,* 124 Tex. Crim R. 395, 63 S. W. (2d) 558; *Wilson* v. *State,* 6 Ala. App. 657, 60 So. 983.

In contradiction of the testimony of Floyd Vernon, in which he identifed the defendant, V. C. Myers, as the person who had assaulted him, defendant introduced testimony to show that on the day after the assault Vernon had stated to a deputy sheriff that he did not know who had struck him. Based upon this contradiction, the defendant requested the court to instruct the jury that this evidence, if true, could be considered by them in determining the weight to be given to his testimony. This instruction was refused because the learned trial judge believed that it was unduly singling out and stressing a certain part of the testimony. We believe that this is not a correct application of the principle that the trial court had in mind, however wholesome that principle may be when properly applied. Such testimony as that of contradiction which goes only to the credibility of the witness and is probative of no fact involved in the statement in contradiction, is, in its very nature, different from probative evidence. It is entitled to be differently treated. If the state had asked for an instruction to the effect that the evidence of contradiction went only to the credibility of the witness and could not be taken as

establishing, in the least, any fact stated in the contradictory declaration, it is manifest that the instruction should have been given. This would not be stressing any fact material to the main issue. It would simply be a collateral question on credibility. If such an instruction on behalf of the state would be proper, we think that it is comparatively clear that, conversely, an instruction on behalf of the defendant, such as offered in this case should also have been given. *State* v. *Perry*, 41 W. Va. 641, 24 S. E. 634.

*Reversed; remanded.*