STATE OF WEST VIRGINIA

*v.*

AUGUST ZITZELSBERGER

(No. 9861)

Submitted September 24, 1946. Decided October 15, 1946.

*B. T. Clayton,* for plaintiff in error.

LOVINS, JUDGE:

August Zitzelsberger was found guilty by a jury in the Circuit Court of Putnam County of a misdemeanor and was sentenced to confinement in the jail of that county for sixty days and to pay a fine of one hundred dollars and costs. The case comes here by writ of error.

Defendant was tried on an indictment charging him with unlawfully contributing to the delinquency of a female child under the age of eighteen years, by doing acts tending to encourage and cause her delinquency. The general charge is amplified by allegations of defendant's specific conduct as follows: (a) That defendant enticed and encouraged the child to absent herself from the home of her grandmother and legal custodian without reason or cause and without the consent of her grandmother; (b) that the defendant enticed and encouraged the child to stay in his home; and (c) that he enticed and encouraged the child to knowingly associate with immoral persons.

Defendant was the owner and operator of a place of business in the Town of Bancroft wherein he sold, in the same room, nonintoxicating beer under a State license, as well as soft drinks, candy and similar merchandise. Defendant also maintained pool tables and a "pinball machine" in the rear of that room.

On March 17, 1945, the Sheriff of Putnam County, a member of the Department of Public Safety, and a deputy sheriff of said county entered the defendant's place of business and there found the girl named in the indictment, who, at the time, was standing near the pinball machine watching the play. Defendant had no knowledge that the girl was in his place of business.

At the time of the officers' visit and while the girl was present, beer was being sold to and drunk by other customers of the defendant. However, the officers saw no unlawful acts or disorderly conduct while they were there. Evidence was introduced tending to show that defendant had permitted other children to be in and around his business establishment for the purpose of purchasing articles of merchandise other than beer which were offered for sale, but it appears that defendant did not permit children to loiter there. There is also proof that the grandmother of the girl above mentioned had sent her to defendant's place of business to purchase soft drinks. However, there is no evidence indicating that defendant sold beer to the girl, or to any person under the age of eighteen years. Nor was evidence offered by the State in support of the specific acts and conduct of defendant relative to enticement and encouragement of the girl to leave her home, to stay in defendant's home, or to knowingly associate with immoral persons.

At the trial, upon conclusion of the State's evidence, defendant moved the court to strike the same from the record and to direct a verdict of not guilty. The trial court overruled this motion and thereupon defendant proceeded to offer evidence in his behalf. After the rendition of the verdict the defendant moved the court to set the same aside and to grant him a new trial on the ground that the verdict was contrary to the law and to the evidence. The court overruled this motion and proceeded to enter judgment on the verdict. It was upon these actions of the trial court that the defendant now predicates his assignments of error.

The first of these assignments calls for but little discussion. It has been held that where a defendant in a civil action proceeds with the trial and introduces evidence in his own behalf, he waives his exception to the trial court's action in overruling his motion to strike the plaintiff's evidence made at the conclusion of evidence for the plaintiff. *Ercole* v. *Daniel*, 105 W. Va. 118, 141 S. E. 631. This same principle applies in a trial of an indictment for a misdemeanor. In the case at bar defendant proceeded with the trial by introducing all of his evidence after his motion to strike out the State's evidence and direct a verdict of not guilty had been overruled. By doing so defendant waived his exception to the court's action in overruling such motion.

Discussion of defendant's other assignment of error calls for consideration of the indictment as well as the evidence adduced in support thereof. The indictment in this case is quite similar to the one considered and approved as sufficient by this Court in the case of *State* v. *Harris*, 105 W. Va. 165, 141 S. E. 637. As a general rule, allegations of an indictment for an offense based on a legislative enactment are sufficient if they follow the words of the statute. However, if the description of the offense is given in the statute in general terms, an indictment based thereon must amplify the statutory description by alleging the specific act or conduct constituting the offense. *State* v. *Simmons*, 99 W. Va. 702, 129 S. E. 757; *State* v. *Lynch*, 84 W. Va. 437, 100 S. E. 284; *State* v. *Garner*, 128 W. Va. 726, 38 S. E. 2d 337.

The offense here charged is created by a statute reading as follows: "A person who by any act or omission contributes to, encourages or tends to cause the delinquency or neglect of any child, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed five hundred dollars, or imprisoned in the county jail for a period not exceeding one year, or both." Section 7, Article 7, Chapter 73, Acts of the Legislature, 1941. It is readily seen that the offense therein created

is described in such general terms that it is necessary that an indictment charging that offense amplify the same by alleging specific acts or conduct constituting the crime. *State* v. *Simmons, supra; State* v. *Lynch, supra; State* v. *Garner, supra.* In the instant case the indictment does so amplify the offense by alleging specific acts and conduct hereinabove set forth.

However, the incongruity between the allegations of specific acts, alleged in the indictment, and the proof offered in support thereof, becomes plain even on a cursory examination. There is no evidence showing, or tending to show, that defendant, by word or deed, caused or encouraged the child to absent herself from the home of her grandmother. Nor does the evidence disclose that the girl at any time stayed in defendant's home, either by invitation, enticement, encouragement or otherwise. The charge that the child was enticed and encouraged to knowingly associate with immoral persons is likewise not sustained by any evidence. The record does not disclose that immoral persons were present in the beer dispensary when she was found there on March 17, 1945, or that the child associated with immoral persons at defendant's place of business or elsewhere.

A variance between the allegations of a material fact and the proof is fatal to a verdict. *State* v. *Myers,* 118 W. Va. 397, 190 S. E. 678. In the instant case the facts alleged in the indictment, but not proved, were not only material but necessary. A variance between the indictment and the proof clearly appearing, and the necessary allegations of the indictment being wholly unsupported by the evidence, the judgment of the Circuit Court of Putnam County is reversed, the verdict of the jury is set aside and a new trial awarded the defendant.

> *Judgment reversed; verdict set aside; new trial awarded.*