State of West Virginia

*v.*

Ivan Daniel

(No. 11037)

Submitted May 5, 1959.      Decided June 9, 1959.

*D. Grove Moler, Fred W. Lokant,* for plaintiff in error.

*W. W. Barron,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for defendant in error.

BERRY, JUDGE:

Ivan Daniel, the plaintiff in error, hereinafter referred to as defendant, was indicted in the Circuit Court of Wyoming County, West Virginia, for the statutory offense of malicious and unlawful wounding of one Walter Hinkle, a police officer for the town of Oceana, West Virginia, and causing him bodily injury by means of a blow with his fist, with intent to maim, disable, disfigure and kill. The jury returned a verdict finding the defendant not guilty of malicious wounding but guilty of unlawful wounding. The defendant's motion to set aside the verdict and grant to him a new trial was overruled by the trial court and judgment was entered on the verdict sentencing the defendant to the state penitentiary for a period of not less than one year nor more than five years. Upon second application to this Court, a writ of error and supersedeas was granted to the judgment of the Circuit Court of Wyoming County.

On May 19, 1956, between 8 and 9 o'clock in the evening, the defendant, Ivan Daniel, came into the "Chatterbox", a restaurant or inn in the Town of Oceana, ap-

parently in an intoxicated condition and accosted Walter Hinkle, the city officer with whom he had had some controversy previous to this occasion. Hinkle, according to a witness in the restaurant, arrested the defendant, took him out of the restaurant and started across the highway to his automobile. Before they reached the officer's car, the defendant jerked his arm loose from the arresting officer, and at the same time either struck him with his fist or pushed him, knocking him onto the highway. Hinkle attempted to get up, and at this time the defendant, Daniel, grabbed him around the waist, doubled him up and slammed his head against the hard surface of the highway, rendering him unconscious, fracturing his skull and causing him to be permanently injured. Dr. E. L. Gage of Bluefield, West Virginia, who examined Hinkle, stated that the fracture was a direct one because of the fact that he had a cut in the right occiput or the right back part of the head in connection with it. He also stated that it was a type of fracture that could occur from a contact of the head with a hard flat surface such as the hard surface of a road or of concrete. The cut referred to had been sutured before the examination by Dr. Gage, this apparently having been done by Dr. Ward Wylie of the Wyoming General Hospital, although Dr. Wylie could not testify positively to this fact. Dr. Gage testified that Hinkle was reported as having been unconscious for sixty hours at the Wyoming General Hospital. Dr. Gage further testified at the trial that Hinkle was suffering from retrograde amnesia and had received a permanent injury. From the actions of the defendant and the statements attributed to him in this case, the necessary elements of intent and malice were sufficiently proved to support a verdict of malicious wounding if the proof sufficiently conformed to the pleading.

There are several grounds of error assigned by the defendant, but all relate to the principle contention that there was a fatal variance between the pleading and the proof and no valid conviction could be had therefrom. It is the contention of the state that the blow by the fist and the grabbing of the prosecuting witness around the

waist and slamming his head against the hard surfaced road was all one transaction.

The statute under which the indictment in this case was brought is found in Code 61-2-9, which reads as follows: "If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall be guilty of a felony, and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars." It will be noted that this statute provides for both malicious and unlawful wounding, the only difference between the two being that unlawful wounding is done without malice. It also provides for bodily injury caused by any other means. The indictment under which the defendant was tried reads as follows: "The Grand Jurors of the State of West Virginia, in and for the County of Wyoming and now attending said Court, upon their oaths present that Ivan Daniel, on the 19th day of May, 1956 and within one year next preceding the finding of this indictment, in the county aforesaid, did unlawfully, feloniously, and maliciously stab, cut, and wound one Walter Hinkle and cause him bodily injury, by means of a blow with his fist, with intent him, the said Walter Hinkle, then and there to maim, disable, disfigure and kill, against the peace and dignity of the State."

The indictment charges both wounding and bodily injury caused by a blow of the fist. Under the wounding provision of the indictment it is not necessary to specify the instrument with which the wound was inflicted, but the wound must have been inflicted by something other than that with which the body is naturally equipped, and

the skin, either externally or internally, must have been broken. However, the provision or charge in the indictment with regard to bodily injury must specify the means by which the injury was caused and it is not necessary for the skin to have been broken in order for a conviction to be sustained under this part of the statute. *State* v. *Gibson,* 67 W. Va. 548, 68 S. E. 295; *State* v. *Coontz,* 94 W. Va. 59, 117 S. E. 701.

It was held by this Court in the case of *State* v. *Myers,* 118 W. Va. 397, 190 S. E. 678, that there was a fatal variance between the pleading and the proof where the allegations of the indictment charged that an assault was made by a knife and the proof was that the assault was made with a blunt instrument. The indictment in that case was for wounding and it was argued that inasmuch as it was not necessary to allege the instrument with which the assault was committed, it was merely surplusage and the allegation that the assault was committed with a knife should be treated as such. It was held in the *Myers* case that this was a material averment because it notified the accused his conviction would depend upon the proof of the matters alleged and that he was entitled to prepare his defense accordingly. It further held that to allege one thing and try him for a different thing was misleading and unfair. In the instant case the indictment charges the defendant with causing bodily injury to Walter Hinkle by means of a blow with the fist. The proof clearly shows that the injury was caused by the defendant grabbing Hinkle around the waist and slamming his head against the hard surface of the highway and rendering him unconscious. The two acts are separate and distinct. The knocking or pushing the defendant down by a blow of the fist or by shoving him with his hand was complete within itself. The injury in this case was caused by the second act of the defendant when he grabbed Hinkle and threw him to the pavement after he had gotten up or had attempted to get up. This distinction is clearly indicated in *Dawkins* v. *Commonwealth,* 186 Va. 55, 41 S. E. 2d 500. In that case the in-

dictment charged the defendant with causing bodily injury by means of blows by the fist and kicking and kneeing the prosecuting witness. The injury received in that case was not all caused by blows of the fist but mainly by kicking and kneeing and the proof sustained the allegations in the indictment. If in the instant case a blow by the fist had knocked Hinkle down, causing his head to hit the hard surfaced road and resulted in the fracture, there is no question but that the injury would be caused by such blow and then the proof would sustain the allegations. There would be no fatal variance in such a case and any conviction should be upheld. The case at bar is quite different as the bodily injury did not result from one continuous transaction but from two separate and distinct acts. The injury or fracture of the skull of Hinkle, as shown by the proof, was caused after the blow by the fist and after he had been knocked down, and when the proof showed that the injury or fracture was caused by the defendant picking him up and slamming his head against the pavement there was a fatal variance and the conviction cannot be upheld for this reason. See *State* v. *Zitzelsberger,* 129 W. Va. 229, 39 S. E. 2d 835; *State* v. *McGraw,* 140 W. Va. 547, 85 S. E. 2d 849; *State* v. *LaManca,* 142 W. Va. 549, 96 S. E. 2d 667.

In the case of *State* v. *Coontz, supra,* the indictment charged the defendant with causing the injuries by means of a blow with his fist and the proof supported the allegation since it was not shown that the injury was received in any way other than by a blow of the fist. In the case of *State* v. *Scaggs,* 99 W. Va. 689, 129 S. E. 705, the indictment charged the defendant with wounding the prosecuting witness, but did not state the weapon used. It was held in that case that it was not necessary to state the weapon used, and it was a question of fact for the jury to determine from the evidence whether there was a weapon other than the fist used in the commission of the wounding. There is no evidence in the case at bar that the wounding was caused by any instrument other than that with which the body is naturally equipped, there-

fore, there can be no conviction under the wounding part charged in the indictment. The injury received by the prosecuting witness in this case was under the part of the indictment alleging bodily injury and may be considered a technical "wounding". *State* v. *Coontz, supra.* The bodily injury or technical "wounding" in the case now before the Court, having been caused by means of picking the defendant up and throwing him down and not by a blow of the fist or by any other weapon or instrument would constitute a fatal variance between the allegations in the indictment and the proof.

Although the defendant has been convicted of unlawful wounding under the indictment in this case charging him with causing bodily injury by "a blow with his fist", it will not prevent his being indicted again and tried for causing bodily injury in an indictment with allegations similar to "by means of grabbing the said Walter Hinkle around the waist and throwing him against the road" or all possibilities similar to that contained in the indictment used in the case of *Dawkins* v. *Commonwealth, supra.* See *State* v. *McGraw, supra; State* v. *Friedley,* 73 W. Va. 684, 80 S. E. 1112; *Henson* v. *Commonwealth,* 165 Va. 829, 183 S. E. 438; 2 Michie's Jurisprudence, Autrefois, Acquit and Convict, §16; 15 Am. Jur., Criminal Law, §380. Even if the defendant had been acquitted in this case, he could have been arraigned and tried again upon a new indictment drafted to meet the variance. Code 61-11-14.

In addition to the fatal defect of proof compared with the indictment discussed herein, the verdict returned by the jury in this case is also defective. The verdict, which is questioned in the defendant's brief, reads as follows: "We, the jury on the issue joined between the State of W. Va. and the defendant Ivan Daniel agree and find the defendant not guilty of malicious wounding but do agree and find the defendant guilty of unlawful wounding." It attempts to find the defendant guilty of unlawful wounding without identifying the charge by reference

to the indictment or using in lieu of such reference words stating the required statutory intent, that it was done with intent to maim, disable and kill. See *State* v. *Arbruzino,* 67 W. Va. 534, 68 S. E. 269. Then, too, the evidence does not support a conviction of unlawful wounding as charged in the indictment, because there was no proof whatsoever that any instrument was used by the defendant to cause the wounding. See *State* v. *Scaggs,* supra. The evidence shows that the trial turned on causing bodily injury by the use of natural means or means with which the body is naturally equipped, and the verdict, in any event, should have been rendered under the bodily injury charge in the indictment. See *State* v. *Coontz, supra.* The verdict returned by the jury in the *Coontz* case, which was tried under an indictment charging the causing of bodily injury by means of a blow with the fist similar to the indictment in the case at bar, was properly worded in order to comply with a case of this kind. It read in substance that the jury found the defendant guilty of unlawfully but not maliciously injuring and disfiguring the said Mason, as charged in the indictment. The verdict in the case at bar does not conform to the legal requirement necessary in such a case as indicated by the decided cases dealing with this matter. See *Jones* v. *Commonwealth,* 87 Va. 63, 12 S. E. 226; *State* v. *Newsom,* 13 W. Va. 859; *State* v. *Davis,* 31 W. Va. 390, 7 S. E. 24; *McComas* v. *Warth,* 113 W. Va. 163, 167 S. E. 96.

For the reasons stated herein, the judgment of the Circuit Court of Wyoming County is reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed and Remanded.*