STATE OF WEST VIRGINIA

*v.*

ALLEN CURTIS BENNETT

(No. 13384)

Submitted January 29, 1974.     Decided March 26, 1974.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, for defendant in error.

*Richard L. Douglas, Rice, Hannis & Rice* for plaintiff in error.

HADEN, JUSTICE:

Convicted of the crime of attempted armed robbery, defendant appeals from a final order of the Circuit Court of Jefferson County of October 16, 1972, which overruled his motion to set aside the verdict of the jury and grant him a new trial, and which also refused to arrest the judgment of the court sentencing him to confinement in the State Penitentiary for a period of ten years.

By an indictment returned April 18, 1972, Allen Curtis Bennett was charged as the sole perpetrator of the crime of attempted armed robbery of one Wade Bennett, a remote relative. Upon a plea of not guilty the case was

tried before a jury on June 8, 1972, but that jury was unable to render a verdict. On October 9, 1972, Bennett was retried before a jury and was found guilty "as charged in the indictment."

The legal problem presented on this appeal is that while indicted as the sole perpetrator of the crime, Bennett was convicted on proof which demonstrated him to be, at most, an aider and abettor to the crime charged. His conviction was obtained upon proof of the following.

At approximately 9:50 o'clock p.m. on February 29, 1972, an intruder, later identified as Randolph Anderson, came to the home of Mr. Wade Bennett, in Jefferson County, West Virginia. With a gun in his hand, he entered the home and demanded money of Wade Bennett. During the ensuing moments, Anderson twice attempted to shoot Bennett but the gun misfired. Wade Bennett's elderly mother, present and unobserved by Anderson, went into a back room of the residence, secured a gun, returned and shot Anderson twice. Wounded, Anderson fled the residence. The victim then attempted to call the police but found that his telephone was inoperative. A telephone lineman summoned to repair the phone determined that the line into the residence had been intentionally severed.

Defendant, Allen Bennett, was implicated by testimony of Anderson and Fraley, another accomplice charged in the criminal incident. According to their testimony and circumstantial evidence furnished by the testimony of others, Allen Bennett, Anderson and Fraley planned to rob the Wade Bennett residence at the suggestion of Allen Bennett. Because the prospective victim knew Allen Bennett, the plan was to be that Anderson would commit the robbery, Fraley would remain in the getaway automobile, and the defendant Bennett would participate as a look-out charged with the additional duty of severing the telephone line leading to the victim's residence.

According to Fraley who had pleaded guilty to his part in the conspiracy to rob the Bennett residence, the three involved went to the Bennett residence and commenced execution of the criminal plan. Defendant and Anderson left the automobile; Anderson was admitted into the Bennett residence; defendant stationed himself over a knoll, beyond the sight of his companion driver. Upon hearing the reports of gunshots sounding from the victim's home, and upon observing Anderson fleeing from the residence, Allen Bennett hurriedly returned to the automobile and he and Fraley departed the scene of the crime. Fraley drove the defendant across town to the residence of defendant's father where they separated. Arrests followed.

In the trial Allen Bennett denied taking part in the crime and also offered alibi evidence which, if true, would have placed him at a restaurant in the company of others at approximately within the timeframe when the crime had been committed. The jury disbelieved this evidence.

The defendant was not observed by the victim, Wade Bennett, at anytime during the commission of the robbery attempt.

There are four errors assigned by the defendant which, if valid, require the reversal of the judgment against him.

Two errors assigned at trial would require that the defendant be granted a new trial. First, the State concedes that the giving of State's Instruction No. 1 over the objection of the defendant was error. This instruction was a pattern jury instruction containing the elements necessary to constitute the crime of attempted robbery by force. It charged the jury, *inter alia*, that they must find that the defendant placed Wade Bennett in fear by presenting a dangerous and deadly weapon. As the defendant was never in the presence of Wade Bennett with a weapon or otherwise, the giving of this instruction was error. An instruction should not be given which is

based wholly or in material part on a hypothesis not supported by appreciable evidence. *State v. Donahue,* 79 W.Va. 260, 90 S.E. 834 (1916); *State v. Shelton,* 116 W.Va. 75, 178 S.E. 633 ( 1935). As recently summarized, "Instructions must be based upon the evidence and an instruction which is not supported by evidence should not be given." Syllabus point 4, *State v. Collins,* 154 W.Va. 771, 180 S.E.2d 54 (1971).

Second, defendant moved for a mistrial after the State's witness Fraley volunteered testimony in the presence of the jury that he had been tried and convicted of a similar offense arising out of the same transaction which brought the defendant to trial. It appears that the testimony of Fraley in this respect was not elicited nor anticipated by the State whose witness Fraley was. Nevertheless, the defendant believing himself prejudiced, moved for a mistrial on the basis that such evidence was incompetent and prejudicial because it constituted an admission or confession made by an alleged co-conspirator after the alleged conspiracy had terminated, citing for authority, the ruling of *State v. Price and Bruce,* 114 W.Va. 736, 174 S.E. 518 (1934). The trial court, expressing its concern with the implications of former jeopardy and the strict rulings of this Court in regard to the principle of "manifest necessity," see *e.g., State ex rel. Brooks v. Worrell, Judge,* 156 W.Va. 8, 190 S.E.2d 474 (1972), overruled the defendant's motion and instructed the jury to disregard the admission of the accomplice Fraley.

As the motion for mistrial was made by the defendant and not by the court, we are of the opinion that the principles enunciated in the *Brooks* case, *supra,* and Code 1931, 62-3-7 do not apply. The right of a defendant to question the propriety of the discharge of a jury during trial for manifest necessity by a subsequent plea of autrefois acquit does not arise where a mistrial was obtained at the instance of the accused and was not attributable to prosecutorial or judicial overreaching. *Hairston v. Slayton,* 333 F. Supp. 197 (W.D. Va. 1971);

See also, *State v. Wiseman,* 141 W.Va. 726, 92 S.E.2d 910 (1956); 2B M.J. *Autrefois, Acquit and Convict* § 8 (1970, 1973 Supp.).

On the other hand, the objectionable confession in this case occurred spontaneously. It was clearly an occurrence beyond the control of the court and was such as to invoke the principle of manifest necessity for mistrial. Compare *State ex rel. Dandy v. Thompson,* 148 W.Va. 263, 134 S.E.2d 730 (1964). The case of *State v. Price and Bruce, supra,* spoke to this exact point and found reversible error. The Court said at page 742 of the West Virginia Report:

> "We do not find any authority to sustain the admission in a criminal case, for general purposes, of the fact of the conviction or plea of guilty of a co-conspirator or accomplice on the trial of persons accused of participating in a joint crime. We, therefore, cannot escape the conviction that to do so in this case was error, and, that having been determined, its powerful contribution to the subsequent conviction cannot be doubted."

In accord with the *Price* Court, we also believe the introduction of such testimony to be prejudicial and agree with the defendant that even curative instructions to the jury could not remove the prejudice. It is left to the defendant's counsel, as it was here, to either ignore the effect of knowledge of the accomplice's conviction upon the jury's deliberation, or attempt further explanation, which may call additional attention to the fact that the defendant's alleged accomplice has been convicted of the crime. Either course severely jeopardizes the defendant's ability to maintain his innocence before the jury, and places upon him a burden which the law should not countenance. Consequently, where a State's witness, who is an alleged accomplice of the accused makes an unsolicited acknowledgment of his conviction for the criminal incident on which the accused is standing trial, and such occurrence is brought to the attention of the trial court by a timely motion, a manifest necessity

beyond the control of the court arises, and a refusal to grant a mistrial on such occurrence is reversible error.

Two further errors, assigned by defendant, are outcome determinative of this appeal. These latter assignments require a reversal of the conviction and a directed verdict of acquittal of the charge of attempted robbery by force.

The State indicted the defendant as the principal actor and sole perpetrator of the crime of attempted armed robbery. The proof of the State on conviction, considered in its most favorable light to the prosecution, reveals that defendant was not the principal, but, rather, was no more than an aider and abettor to the commission of the crime. Bennett was not indicted jointly as a conspirator.

Defendant asserts that his conviction must fall because of this material variance between the indictment and the proof adduced at trial. West Virginia Constitution, Article III, Section 14 requires that an indictment give the defendant full information of the character of the accusation with which he is charged. When the State attempts to convict one upon proof of a crime materially different than that which is charged in the indictment, such conviction must fall. *State v. Zitzelsberger,* 129 W.Va. 229, 39 S.E.2d 835 (1946); *State v. Myers,* 118 W.Va. 397, 190 S.E. 678 (1937).

On this appeal, the State confesses the error but says that the evidence reveals that the defendant was proved to have been acting as a principal in the second degree in the perpetration of the robbery attempt. The State then asserts, and correctly, that *Code* 1931, 61-11-6 provides that a principal in the second degree may be punished as if he were a principal in the first degree, that is, the sole perpetrator, and, in that the defendant received a punishment as if he were a principal in the first degree, the variance in the indictment and the proof in this case is harmless error. We cannot agree. The error is harmless only if one views the defendant's situation from the

single perspective of punishment while presuming of his guilt. We believe that the Constitution and the statutes require that defendant be fully informed of the crime charged, as well as be entitled to respond in defense to the crime charged and not be put to the task of defending a separate substantive offense for which he is not indicted and of which he has no notice.

In its statutes and common-law decisions, this jurisdiction recognizes and observes the marked distinction and differences among criminal actors. One who participates in a crime may be a principal in the first degree, principal in the second degree, or aider and abettor, accessory before the fact or accessory after the fact. This Court has struck down convictions resulting from indictments which did not honor the distinctions. See, *State ex rel. Muldrew v. Boles*, 151 W.Va. 1033, 159 S.E.2d 36 (1967), in which this Court held that an accessory before the fact must be indicted as such before there can be a valid conviction. In a similar recent case, *State ex rel. Brown v. Thompson, Judge*, 149 W.Va. 649, 142 S.E.2d 711 (1965), the Court upheld a joint indictment charging one as a principal and others as aiders and abettors and as accessories. Therein, Judge Haymond elaboratively and definitively discussed the differences in classifications recognized by the law when there are several persons alleged to be multiple actors in a criminal activity. Pertinent to the point at hand, the Court quoted Blackstone with approval:

> " 'I.  A man may be *principal* in an offence in two degrees.  A principal, in the first degree, is he that is the actor, or absolute perpetrator of the crime; and, in the second degree, he is who is present, aiding, and abetting the fact to be done.  Which *presence* need not always be an actual immediate standing by, within sight or hearing of the fact; but there may be also a constructive presence, as when one commits a robbery or murder, and another keeps watch or guard at some convenient distance.' "  *Id.*, at page 655 of the West Virginia Report.

That opinion also recognizes that principals in the second degree or aiders and abettors—synonymous terms, were historically characterized in point of time and relation to the act as "accessaries at the fact, . . . ." *Id.* See *Commonwealth v. Knapp,* 9 Pick (Mass.) 496, 20 Am. Dec. 491 (1830).

It would serve no purpose in this opinion to replow ground which has been beautifully tilled and cultivated by Judge Haymond. Suffice it to say that one who acts as a principal in the second degree, or aider and abettor, does not in law also occupy the status of perpetrator or principal in the first degree. That being so, the proof adduced in the case convicting the defendant Bennett, was in material, substantial and fatal variance to the charge of the indictment.

The final and related error assigned by defendant is that the defendant was entitled to a directed verdict of acquittal on the ground that the evidence introduced by the State was, as a matter of law, insufficient to demonstrate his guilt of the offense charged. This point is so interconnected with the charge of "material variance" that it perhaps represents a difference almost without distinction. Nevertheless, the court should have directed a verdict of acquittal also upon this assignment. See 23A C.J.S., *Criminal Law* § 1145, Sub. 3, Sub. C. (1961); Accord, 41 AM. JUR. 2d *Indictments and Informations* § 153 (1968), citing *Hollin v. Commonwealth,* 158 Ky. 427, 165 S.W. 407 (1914); *Skidmore v. State,* 80 Neb. 698, 115 N.W. 288 (1908).

*Code* 1931, 61-11-14 permits the State to take additional prosecutorial action against the defendant Bennett. See *State v. Daniel,* 144 W.Va. 551, 109 S.E.2d 32 (1959). However, as to the charge for which the defendant was convicted, he has been once placed in jeopardy and he is entitled to be discharged from further prosecution as the alleged perpetrator of the crime of attempted armed robbery upon the person of Wade Bennett. *Code* 1931, 61-11-13.

*Reversed.*