STATE OF WEST VIRGINIA

*v.*

WILLIAM F. SACCO, JR.

(No. 14077)

Decided June 10, 1980.

*Galbraith, Seibert, Kasserman, Farnsworth, Gillenwater & Glauser and Elba Gillenwater, Jr.*, for P. E.

*Chauncey H. Browning*, Attorney General, *Marianne Kapinos Hoover*, Assistant Attorney General, for D. E.

PER CURIAM:

In this appeal from the Circuit Court of Ohio County, William F. Sacco, Jr., asks this Court to set aside the final judgment of conviction entered against him on a jury verdict of guilty of unlawful assault. The State acknowledges that the court committed reversible error on the two principle grounds asserted by the appellant. We agree, and therefore reverse the final judgment and remand the case for further proceedings.

The July 1976 Term of the Ohio County Grand Jury returned an indictment charging that the appellant "... did unlawfully, feloniously and maliciously shoot, stab, cut, wound and cause bodily injury to Ernest Hughes, with the intent then and there to maim, disfigure, disable, etc. . . . ." The indictment charges the crime of malicious assault as defined by *W.Va. Code*, 61-2-9.

After having been found guilty as charged in the indictment, the appellant's motion to set aside the verdict and grant a new trial upon the grounds assigned in this appeal was overruled.

The appellant contends the trial court committed error by giving State's Instruction No. 1 over his objection:

> "The court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequence of his act; and it [sic] they believe from the evidence beyond a reasonable doubt that the defendant, William F. Sacco, without any or upon slight provocation, caused bodily injury to Ernest Hughes by the deliberate use of a Pool Stick likely, under the circumstances, to disfigure the said Ernest Hughes, the presumption of the law arising in the absence of proof to the contrary is that

the defendant intended the consequences that resulted from the use of the said Pool Stick."

"In a criminal prosecution, it is constitutional error to give an instruction which supplies by presumption any material element of the crime charged." Syl. pt. 1, *State v. O'Connell*, ___ W.Va. ___, 256 S.E.2d 429 (1979). State's Instruction No. 1 suffers from the same constitutional defect as the instruction condemned in *O'Connell*. It was error for the trial court to give the instruction over appellant's objection. The State confesses the giving of this instruction was error.

Appellant also contends that error was committed when the trial court, over the objection of appellant's counsel, on eight separate occasions, permitted the prosecutor to impeach the defendant through evidence of prior convictions for offenses other than perjury or false swearing. This type of impeachment constitutes error and was prohibited by Syllabus Point 1, *State v. McAboy*, ___ W.Va. ___, 236 S.E.2d 431 (1977): "In the trial of a criminal case, a defendant who elects to testify may have his credibility impeached by showing prior convictions of perjury or false swearing, but it is impermissible to impeach his credibility through any other convictions." The trial court committed error by allowing this type of questioning over the objection of appellant's counsel. The State confesses error was committed in this respect.

The appellant contends the failure of the indictment to specify the means by which the bodily injury was caused precluded the introduction of evidence at trial of any bodily injury done to the victim other than a technical wounding as charged in the first part of the indictment, citing *State v. Daniel*, 144 W.Va. 551, 109 S.E.2d 32 (1959). Particularly the appellant complains that over his objection the State was permitted to introduce evidence that showed Hughes died of a heart attack nine days after the assault.

The language from *Daniel* upon which appellant relies is dicta only, was not dispositive of the case, and does

not support appellant's contention. Moreover, the *Daniel* case itself illustrates the principle that in malicious or unlawful assault prosecutions the State, if a causal connection is established, is entitled to introduce evidence of the injuries resulting from the assault. Such evidence goes primarily to the issue of the permanence of the injuries. In the instant case the record contains medical evidence linking the heart attack to the assault; accordingly it was not error for the trial court to permit introduction of the heart attack evidence.

For the foregoing reasons we reverse the final judgment of conviction of the Circuit Court of Ohio County, and we remand the case for further proceedings which are consistent with the views expressed in this opinion.

*Reversed and remanded.*