STATE OF WEST VIRGINIA

*v.*

KENNY PERRY

(No. 15004)

Decided December 2, 1981.

*William E. Ford, III,* for appellant.

*Chauncey H. Browning,* Attorney General, *and Nicholas W. Johnson,* Assistant Attorney General, for appellee.

PER CURIAM:

Appellant Kenny Perry was convicted by a jury in the Circuit Court of Wayne County on a charge of breaking and entering. In accordance with the December 4, 1978 verdict, he was sentenced to an indeterminate term of one to ten years in the penitentiary. The appellant's major contention on appeal is that although he was indicted as a principal in the first degree, the State's evidence at trial showed that he could have been nothing more than a principal in the second degree. Therefore, he argues that under the law in effect at the time of his conviction, the trial court should have directed a verdict of acquittal. We agree.

The indictment returned against the appellant read as follows:

"That Dwayne E. Adams and Kenny Perry on the 4th day of August, 1978, in the said County of

Wayne, in the nighttime of that day, unlawfully and feloniously did break and enter a certain building located at 545 Camden Road, Huntington in said Wayne County, West Virginia, belonging to Westmoreland Pharmacy, Inc., a Corp., and used as a storehouse known as Richardson's Pharmacy, said building not then and there being or occupied therewith, situated in the County aforesaid, with intent the goods, chattels and property of Westmoreland Pharmacy Inc., a corporation in said building, then and there being, then and there unlawfully and feloniously to steal, take and carry away, against the peace and dignity of the State."

There was no evidence at trial to indicate that the defendant ever entered the pharmacy at the time the crime was being committed. An eyewitness to the breaking and entering testified only that she observed the appellant across the street from the pharmacy and observed the individuals who actually broke into the building cross the street to speak with him. When the individuals returned to the pharmacy after the conversation, the appellant entered a telephone booth. Police officers testified that they arrested the appellant while he was still in the booth. Dwayne Adams, who was also charged with committing the crime, testified that he and a juvenile robbed the pharmacy and that the defendant had stated that he did not want to be involved in the crime.

In 1978, when the defendant was convicted, the law in this State as set forth in *State v. Bennett*, 157 W.Va. 702, 203 S.E.2d 699 (1974) prohibited an aider and abettor, also known as a principal in the second degree, from being convicted upon an indictment charging him solely as a principal in the first degree. We overruled *Bennett* on this point in *State v. Petry*, ___ W.Va. ___, 273 S.E.2d 346 (1980) when we concluded that the distinctions between criminal actors are merely technical and have no substantive value and that a general indictment as a principal in the first degree is sufficient to sustain a conviction as a principal, an aider and abettor, or an accessory before the fact.

Our holding in *Petry*, however, was expressly made prospective only. Syllabus Point 2 states:

"Where under prior case law a criminal defendant was entitled to be indicted as an aider and abettor in order to be convicted as such, well established prohibitions against *ex post facto* changes in either procedural or substantive criminal law require that the defendant be allowed the benefit of the common law rule in effect at the time she [he] was tried."

At best the State's evidence in the case before us shows that the appellant served as nothing more than a lookout throughout the time the crime was in progress. The record is devoid of any fact which would tend to show that he ever actually entered the pharmacy, and therefore devoid of any evidence that he was a principal in the first degree.

Accordingly, we are required under the law in effect at the time the appellant was convicted, to reverse this conviction and direct the lower court to enter a judgment of acquittal. This result is mandated under *State ex rel. Dowdy v. Robinson*, 163 W.Va. 154, 257 S.E.2d 167 (1979) because there has been a fatal variance between the indictment and the proof. While this problem has been eliminated prospectively by our case of *State v. Petry*, *supra*, the law of variance in this regard was in effect at the time of trial. While the variance, as in *Dowdy*, may be slight, there is no question in this case that appellant was charged with one crime, namely that of principal in the first degree, and the proof showed another crime, namely principal in the second degree. Thus, there was a total failure of evidence under *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979) to support the indictment. Certainly if the defendant had been indicted for murder and the evidence had shown only breaking and entering, there would have been a fatal variance. *State v. Myers*, 118 W.Va. 397, 190 S.E. 678 (1937). Here being a principal in the second degree is not a lesser included offense to being a principal in the first degree. *See, Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Wayne County is reversed and the case is remanded with directions to enter a judgment of acquittal.

*Reversed and remanded.*