## Staunton

Leslie Nathaniel Harrison v. Commonwealth of Virginia.

Richard Linwood Pollard v. Commonwealth of Virginia.

September 5, 1969.

Record Nos. 7101 and 7102.

Present, All the Justices.

*James Edward Sheffield,* for plaintiff in error in Record Nos. 7101 and 7102.

*Walter H. Ryland, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error in Record Nos. 7101 and 7102.

Snead, J., delivered the opinion of the court.

Leslie Nathaniel Harrison and Richard Linwood Pollard, defendants, were indicted for the crimes of robbery and rape. By consent the defendants' cases were tried "simultaneously and jointly". Motions made to strike the Commonwealth's evidence at the conclusion thereof and again at the conclusion of all of the evidence were overruled. The jury found defendants guilty of both charges contained in the indictments and fixed the punishment of each defendant at confinement in the State penitentiary for a term of five years for robbery and ten years for rape. After overruling motions to set aside the verdicts as being contrary to the law and evidence the trial court sentenced defendants in accordance with the jury verdicts. The defendants sought writs of error to the judgments of conviction, alleging that the evidence was insufficient to sustain verdicts of guilty on either charge. We granted both defendants a writ of error to that part of the judgments relating to robbery and writs were refused as to the convictions for rape.

The sole issue presented on this appeal is whether the evidence is sufficient to support the robbery convictions.

The Commonwealth first called the alleged victim, Mrs. Beatrice Williams, age forty-one. She testified that on September 5, 1967 at approximately 12:15 a.m., after having drunk two beers, she went to 2804 East Broad street, where defendants and others resided, to obtain more beer. The place was known to be a "nip joint" where alcoholic beverages were illegally sold and consumed. On arriving but before entering the premises she looked in her wallet which was in a small purse and ascertained that it contained five one-dollar bills. Mrs. Williams said that she checked her money because "I've had some money taken off of me" before at this place.

She knocked on the front door and it was opened by defendant Harrison. She informed Harrison that she wanted beer and he let her in closing the door behind her. He then "pulled" her through the bedroom of defendant Pollard and into an adjoining room which was used for drinking alcoholic beverages. Pollard was in his bed but awake. On entering the adjoining room Harrison turned on the juke box. He ignored her repeated request for beer and pushed her down on a sofa. Mrs. Williams stated that she dropped her purse beside her while attempting to shove Harrison away; that Harrison had one hand over her mouth and the other on her body, and that he succeeded in pulling off her panties and completing the act of intercourse.

Mrs. Williams further testified that after the rape had been ac-

complished, Harrison called Pollard who came into the room and also raped her while Harrison helped to hold her and held his hand over her mouth. When Pollard completed the act he left the room telling Harrison to leave her alone or he would call the police. She stated that she then observed her wallet, which was outside of the purse, and discovered that the five one-dollar bills were missing. She accused both Harrison and Pollard of having the money and told them to be there when she returned. The two men denied taking the money. Mrs. Williams then retrieved her panties and proceeded to a friend's house and secured a ride to a filling station where she called the police.

She testified that she did not see either of defendants actually take the money and that she had been to the place involved several times prior to this occasion.

Officer J. A. Windsor testified that he responded to a radio dispatch to 2804 East Broad Street at about 1:45 a.m. and on arriving observed Mrs. Williams and also other officers who responded to the call in front of the building. She appeared to have been drinking. They entered the dwelling and went into Pollard's bedroom where both Harrison and Pollard were on Pollard's bed. After Windsor informed them that they were being interviewed concerning an alleged rape and robbery of Mrs. Beatrice Williams he told them of their constitutional rights. At his request Mrs. Williams related in defendants' presence what had occurred. He then asked defendants if they desired to make any statements. Harrison related an entirely different version of what had happened. He stated, among other things, that Mrs. Williams came into the house with two unknown men; that they all four went into the living room; that he (Harrison) left and sometime later the two men left.

Officer Windsor further testified that a search of part of the premises and both defendants revealed no paper currency of any kind.

Both Harrison and Pollard took the stand at the trial and testified to basically the same version, in greater detail, that they had related to Officer Windsor at the scene. They denied taking any money from Mrs. Williams.

The jury's verdict has resolved all conflicts in the evidence in favor of the Commonwealth and as has been noted the only question for us to determine is whether the evidence, viewed in the light most favorable to the Commonwealth, is sufficient to support the robbery convictions.

The evidence shows that Mrs. Williams had five one-dollar

bills in her purse immediately prior to entering the dwelling occupied by defendants; that shortly after being raped by Pollard she no longer had the money, and that defendants were the only persons in her presence between the time she entered and the time she departed the premises. She did not see either Harrison or Pollard take the money but the jury could have concluded from the evidence that the robbery occurred during the time she was forcibly held on the sofa. Mrs. Williams' own testimony reveals that Harrison and Pollard were not both present with her at all times. Pollard first came into the room where the rape and robbery took place after Harrison had raped Mrs. Williams and left prior to the discovery that the money was missing from her purse.

The evidence therefore establishes that the robbery may have taken place before Pollard entered the room, while he was there, or after he departed, but it does not establish, or even indicate which of these three possibilities represents events as they actually occurred. Further there is no evidence that Pollard in any way participated in any proceeds from the robbery. Such evidence falls short of that proof required to overcome the presumption of innocence, and we conclude that as to Pollard the evidence is insufficient to support the verdict of guilty.

On the other hand, the evidence does show that Harrison was present with Mrs. Williams during the entire time she was in the house up to the time of the discovery that the five dollars were missing. It must be concluded therefore that the robbery was either perpetrated by Harrison himself or by Pollard in Harrison's presence.

Appellants cite *Burton* v. *Commonwealth*, 122 Va. 847, 852, 94 S.E. 923, 924, wherein this court approved an instruction to the jury "that when two persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, neither of the two can be convicted". In that case, however, concert of action was not considered. It is well established that if it can be shown that two persons acted in concert or one aided and abetted the other then it is not necessary to prove which one of the two actually committed the offense, each will be held responsible for the acts of the other. *Ward* v. *Commonwealth*, 205 Va. 564, 568, 138 S.E.2d 293, 296; *Spradlin* v. *Commonwealth*, 195 Va. 523, 527, 79 S.E.2d 443, 445.

It is also well established that whether one aided and abetted or acted in concert with another to commit a criminal act may be shown

by circumstances as well as direct evidence. *Brown* v. *Commonwealth*, 130 Va. 733, 737, 107 S.E. 809, 811; *Foster* v. *Commonwealth*, 179 Va. 96, 100, 18 S.E.2d 314, 316; *Boggs* v. *Commonwealth*, 153 Va. 828, 836, 149 S.E. 445, 447.

The evidence adduced in the case at bar shows that when Pollard came into the room at Harrison's call, Harrison held Mrs. Williams and continued to restrain her and kept her from calling for help by holding his hand over her mouth while Pollard committed a rape upon her. If Pollard also committed the robbery at this time certainly the circumstances proven were sufficient to support a finding that Harrison acted in concert with him in its commission. Therefore as to Harrison we conclude that the evidence was sufficient to establish that Harrison either committed the robbery himself or acted in concert with Pollard in its commission, and hence was sufficient to support the verdict of the jury.

Accordingly, the judgment of conviction as to Harrison is affirmed. The judgment of conviction as to Pollard is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Affirmed in Record No. 7101,*
*Reversed and remanded in*
*Record No. 7102*