STATE OF WEST VIRGINIA

*v.*

LESLIE A. FITCH

(No. 14064)

Decided March 11, 1980.

338

*Pauley, Curry & Thaxton and James M. Sturgeon, Jr.,* for P. E.

*Chauncey H. Browning,* Attorney General, *Lawrence R. Frail,* Assistant Attorney General, for D. E.

NEELY, CHIEF JUSTICE:

This is an appeal from a grand larceny conviction in the Circuit Court of Kanawha County. Defendant was apprehended near the door of a department store with a transparent bag full of unpurchased merchandise. A juvenile who accompanied him to the store and who had an identical, transparent bag also full of unpurchased merchandise, dropped his bag and ran away, but shortly

afterwards was apprehended on the street. The security officer took the defendant to a separate room where the officer emptied the bags and commingled the contents. At trial no evidence was admitted which would have distinguished the contents of defendant's bag from that of the juvenile. Evidence was admitted of a prior conviction, and both court and counsel failed to instruct the jury on possible lesser offenses.

Appellant asserts that his possession of unpurchased merchandise in a transparent bag while still within the store was not evidence of larceny. Defendant further asserts that there was no evidence proving that he had in his possession merchandise of a value greater than fifty dollars, and the fact that the merchandise from his bag and the juvenile's together was valued at $127.19 is not sufficient evidence to prove beyond a reasonable doubt that he is guilty of grand larceny.[1] Appellant fur-

---

[1] The law in effect at the time of the larceny was:

If any person commit simple larceny of goods or chattels, he shall, if they be of the value of fifty dollars or more, be deemed guilty of grand larceny, and upon conviction thereof, shall be confined in the penitentiary not less than one nor more than ten years; and if they be of less value, he shall be deemed guilty of petit larceny, and upon conviction thereof, be confined in jail not exceeding one year.

W. Va. Code, 61-3-13 [1957].

An amendment to the statute changed it to the following:

(a) If any person commits simple larceny of goods or chattels of the value of two hundred dollars or more, such person shall be guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be confined in a penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in the county jail not more than one year and shall be fined not more than five hundred dollars.

(b) If any person commits simple larceny of goods or chattels of the value of less than two hundred dollars, such person shall be guilty of a misdemeanor, designated petit larceny, and, upon conviction thereof, shall be confined in the county jail for a term not to exceed one year or fined not to exceed five hundred dollars, or both, in the discretion of the court.

W. Va. Code, 61-3-13 [1977].

In State ex rel. Arbogast, v. Mohn, ___ W.Va. ___, 260 S.E.2d 820 (1979) we held that a criminal defendant should be allowed the benefit of a statutory amendment which was not in effect at

ther argues that the Court erred in failing to instruct the jury on possible lesser offenses and that the Court committed reversible error in allowing testimony concerning a prior unrelated conviction.

## I

In *State v. McAboy*, ___ W.Va. ___, 236 S.E.2d 431 (1977), this Court held that evidence of prior, unrelated convictions is inadmissible and amounts to reversible error except in two situations. If the defendant introduces evidence of his own good character, evidence of a prior conviction may be used in rebuttal. Second, if a defendant testifies on his own behalf, a prior conviction for perjury or stating a false claim may be introduced to impeach his credibility. These exceptions do not apply in this case since the previous conviction was for unarmed robbery and defendant introduced no evidence of his own good character. This case falls, therefore, squarely within the scope of *McAboy*. Further, we expressly provided in *McAboy* that its ruling would apply to all pending cases where the error was preserved on appeal.

The State contends that even though the evidence of a prior offense was inadmissible under *McAboy*, its admission would not amount to reversible error because the error was harmless under the test established in *State v. Atkins*, ___ W.Va. ___, 261 S.E.2d 55 (1979). *Atkins* created an exception to the rule of automatic reversal consisting of two parts: first, the inadmissible evidence must be removed from the State's case and a determination made concerning whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt and if the remaining evidence is insufficient then the error is not harmless; second, if the evidence is sufficient an analysis must be

the time the offense was committed but which was in effect at the time of conviction and sentencing. In *Arbogast* the defendant was convicted of grand larceny after the effective date of the statute, March 30, 1977, but the defendant in this case was sentenced on September 2, 1976.

made to determine whether the error had any prejudicial effect.

In *Atkins* the evidence that the defendant was guilty of second degree murder was overwhelming—eyewitnesses observed the defendant shoot the victim several times in the back. Here, the evidence is largely circumstantial since, although the defendant had already passed the cash registers, he was still within the store. In weighing the prejudicial effect of a prior conviction under the second prong of the *Atkins, supra* test it is admittedly difficult to separate the analysis of prejudice from the inquiry into the sufficiency of evidence. In *Atkins* the prejudicial effect was negligible because the prior convictions consisted of contributing to the delinquency of a minor and a manslaughter charge some eighteen years earlier. In the case before us, however, the prior conviction was for unarmed robbery in the same county five years earlier, which had to be prejudicial since the prior conviction was closely related both in time and nature. To ask the jury not to be prejudiced by such a prior conviction, no matter how many limiting instructions are given, is an impossible request. The best evidence that the introduction of the prior conviction was unduly prejudicial is provided by the presiding judge who was clearly troubled by the introduction of the conviction for unarmed robbery.[2] We hold, therefore, that the introduction of evidence of a prior conviction was reversible error.

---

[2] After denying the request for a new trial Judge Casey said in a statement specifically included for the benefit of the reviewing court:

...it is difficult, I perceive, for a jury especially made up of a nonlegally trained mind or minds to be able to adhere to a judge's instruction that tells them to ignore the question and answer propounded on criminal convictions and exclude it for all purposes except to test the credibility of the accused.... The legislature of the Courts ought to be honest enough and say, "Well, we are going to introduce this just to show that he is bad to commit crimes, and therefore, we ought to take that into account when we weigh and sift through all of this other evidence."

## II

The State argued below that the appellant and his accomplice acted in concert, and therefore, that there is no need to prove whether the appellant actually had the requisite $50 worth of stolen items. Under our law it is required that the indictment give the defendant full information of the character of the accusation with which he is charged. When the State attempts to prove an offense that is not charged in the indictment, the conviction cannot stand. *State v. Bennett,* ____ W.Va. ____, 203 S.E.2d 699 (1974); *State v. Zitzelsberger,* 129 W.Va. 229, 39 S.E.2d. 835 (1946); *State v. Myers,* 118 W.Va. 397, 190 S.E. 678 (1937). Thus, the prosecution's instruction No. 4 stating that a person aiding or encouraging a principal offender may be prosecuted as such is in error. The State relies on *Harrison v. Commonwealth,* 210 Va. 168, 169 S.E.2d 461 (1969), which held that if offenders act in concert it is not necessary to prove which of the two actually committed the offense; however, in Virginia the prosecution is not required to elect whether it will prosecute the defendant on a charge of aiding or abetting or of being a principal in the first degree. *Va. Code,* 18.1-11 [1950]. West Virginia, on the other hand, has always recognized and observed the distinction among criminal actors. *State v. Jones,* ____ W.Va. ____, 239 S.E.2d 763 (1977); *State ex rel. Muldrew v. Boles,* 151 W.Va. 1033, 159 S.E.2d 36 (1967); *State v. Powers,* 91 W.Va. 737, 113 S.E. 912 (1922). A principal in the second degree is an aider or abettor who is actually or constructively present during the commission of a felony, *State ex rel. Brown v. Thompson,* 149 W.Va. 649, 142 S.E.2d 711 (1965), and he must be indicted as such, *State v. Bennett,* ____ W.Va. ____, 203 S.E.2d 699 (1974). It should be noted that a principal in the second degree may still be punished, however, as if he were a principal in the first degree. The fact that the other offender was a juvenile is also immaterial since the adult may be punished "irrespective of the fact that the principal in the first degree, by reason of his status as a juvenile, may be immune from

criminal punishment." Syl. pt. 2, *State v. Lamp*, _____ W.Va. _____, 254 S.E.2d 697 (1979).

In this instance, the prosecution could not have proven either that the defendant was the principal in the first degree or an aider and abettor of grand larceny because the security officer unwittingly commingled the stolen goods. The fact that the defendant was either a perpetrator or aider and abettor is not a sufficiently specific indictment under our law. One of the offenders may well not have had the requisite $50 of stolen goods in his bag, and there is information in the record that one bag contained about $99 worth of goods while the other contained about $28 worth of goods. To proceed against the defendant with this type of evidence the prosecution would have had to resort to the relatively unused law of conspiracy,[3] and while there are no co-defendants in this case, "it is obvious that the facts would have supported a conspiracy indictment under *W. Va. Code*, 61-10-31 [1971]," *State v. Ellis*, _____ W.Va. _____, 239 S.E.2d 670 (1977).[4]

It appears to the Court that a rewriting of the entire law of indictments, particularly with regard to eliminat-

---

[3] The provision covering conspiracy in the *W. Va. Code*, 61-10-31 [1971], is in pertinent part:

Any person who violates the provisions of this section by conspiring to commit an offense against the State which is a felony, or by conspiring to defraud the State, the state or any county board of education, or any county or municipality of the State, shall be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine. Any person who violates the provisions of this section by conspiring to commit an offense against the State which is a misdemeanor shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by confinement in the county jail for not more than one year or by a fine of not more than one thousand dollars, or, in the discretion of the court, by both such confinement and fine.

[4] Although the defendant raised other issues, our discussion of the two primary errors disposes of the case and for that reason no other issues are fairly raised.

ing the technical distinction between principals in the first degree and aiders and abettors is a fit and desirable subject for legislative action. In light of the expansion of criminal discovery in recent years, *see* for example, *State v. Dudick*, ___ W.Va. ___, 213 S.E.2d 458 (1975), it appears to the Court that a form of general indictment which will not invite the freeing of the guilty on bare technicalities is in order; however, we prefer not to undertake a change of such magnitude absent legislative mandate.

For the foregoing reasons the decision of the Circuit Court of Kanawha County is reversed.

*Reversed.*