ROBERT GORDON GINANNI

v.

COMMONWEALTH OF VIRGINIA

No. 0319-90-3

Decided September 3, 1991

COUNSEL

Richard P. Cunningham (David D. Embrey; Cunningham & Embrey, on briefs), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

DUFF, J.—Robert G. Ginanni appeals his conviction of conspiracy to commit robbery. The issues he raises on appeal are: (1) whether his prosecution for conspiracy to commit robbery is barred under principles of double jeopardy when Ginanni had previously been acquitted of the underlying robbery; and (2) whether the Commonwealth's Attorney acted with prosecutorial vindictiveness in charging Ginanni with conspiracy to commit robbery.

The facts, viewed in the light most favorable to the Commonwealth, are as follows. At midnight on November 20, 1986, three masked men robbed the players of a poker game taking place in the basement of one of the players' homes. Ginanni was present at the game. At about midnight, he asked what time it was, and thereafter stated that he had to go outside to the bathroom. After leaving the house, Ginanni was backed into the basement by a masked man carrying a shotgun, and two other armed, masked men. The players were lined up against the wall, their wallets and their valuables were taken, as well as the money on the table.

Ginanni was first charged with twenty counts, based upon the November 20, 1986 incident, including nine counts of robbery, nine counts of use of a firearm in the commission of robbery, wearing a mask and statutory burglary. He was found guilty only of statutory buglary and was subsequently indicted, tried and convicted of conspiracy to commit robbery, based upon the November 20, 1986 incident.

Ginanni contends the Commonwealth was barred by the principles of double jeopardy from prosecuting him for conspiracy to commit robbery. We agree.

The trial court found that, because the offenses of robbery and conspiracy had distinct elements, the double jeopardy clause

did not bar the conspiracy prosecution. The court reached this conclusion by simply applying the "same element" test set out in *Blockburger v. United States,* 284 U.S. 299, 304 (1932). However, the Supreme Court, in the recent case of *Grady v. Corbin,* 110 S. Ct. 2084 (1990), determined that the *Blockburger* test is only the first step in determining if double jeopardy bars successive prosecutions. 110 S. Ct. at 2090. Under *Corbin,* once a court determines that a successive prosecution is not barred by *Blockburger,* the court must determine if, in the second prosecution, "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 110 S. Ct. at 2093 (footnote omitted); *see also Low v. Commonwealth,* 11 Va. App. 48, 52, 396 S.E.2d 383, 385 (1990). Applying this standard, we find Ginanni's second prosecution is barred.

The Commonwealth relies on *United States. v. Clark,* 928 F.2d 639 (4th Cir. 1991), where the Fourth Circuit adopted a restrictive view of *Corbin.* In *Clark,* the Fourth Circuit held that *Corbin* applies "only when the conduct prosecuted at the first trial is or may constitute the entirety of an [essential] element of the offense at the second trial." 928 F.2d at 642 (quoting *United States v. Calderone,* 917 F.2d 717, 724 (2d Cir. 1990)). Applying the *Clark* interpretation, which we do not necessarily adopt for Virginia courts, the conduct proven in Ginanni's robbery prosecution was necessary to establish, not only the entirety of an essential element of the conspiracy, but in this instance all the essential elements of the conspiracy case. *Cf. Martin v. Commonwealth,* 241 Va. 1, 406 S.E.2d 15 (1991).

Our focus is on the conduct the state proved in each of Ginanni's trials. The Commonwealth claims the conduct established in the first trial concerned only "concert of action" (aiding and abetting), and that, by contrast, in the second trial the conduct shown involved "pre-concert of action" (an agreement), constituting the conspiracy. We disagree.

In the first trial, the Commonwealth established Ginanni's role in the robbery as an aider and abettor. A defendant is guilty of aiding and abetting if it is "shown that [he] intended his words, gestures, signals or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to

4

commit it." *Ramsey v. Commonwealth*, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). The Commonwealth proved in the first trial that Ginanni encouraged the co-defendants to participate in the robbery and advised them of how the robbery was to be effectuated. Moreover, the Commonwealth established that upon Ginanni's request, the co-defendants agreed to commit the robbery.

Ginanni's conduct in the robbery was explained by one of the co-defendants as follows:

Q. Would you just go ahead and describe from the beginning how the robbery came about, whose idea it was, and what part [Ginanni] played in it?

A. Yes, sir. It was the 14th of November and [Ginanni] came over to our apartment and asked us did we want to make some money . . . And I said yes. So he told us about the poker game and being a whole lot of money and a whole lot of people there and he took me and Greg [Tuck] and . . . showed us where the house was and rode around it twice and showed us which door to come into, where to park the car. And he asked us would we do it and we said yeah.

In the robbery trial, the Commonwealth, in order to prove Ginanni's participation in the robbery, had to establish that he planned, organized and solicited two confederates to commit the robbery. In order to prove the element of agreement in the conspiracy trial, the Commonwealth relied on the same conduct which constituted the offense for which Ginanni had already been prosecuted. Accordingly, *Corbin* bars Ginanni's prosecution for conspiracy.

■ "The underlying idea [of the double jeopardy clause]. . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." *Corbin*, 110 S. Ct. at 2091 (quoting *Green v. United States*, 355 U.S. 184, 187 (1957)).

Accordingly, we reverse and dismiss the conspiracy indictment.

*Reversed and dismissed.*

Coleman, J., and Moon, J., concurred.