COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


CHARLES LEE DUNN

v.        Record No. 1231-96-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JOHANNA L. FITZPATRICK
APRIL 1, 1997


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
John F. Daffron, Jr., Judge

(Carl C. Muzi, on brief), for appellant.
Appellant submitting on brief.

Steven A. Witmer, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Charles Lee Dunn (appellant) was convicted in a bench trial of being an accessory after the fact to two counts of grand larceny. The sole issue raised on appeal is whether the evidence was sufficient to convict. Finding no error, we affirm.

The evidence at trial established that on two separate occasions, September 4, 1995 and September 7, 1995, appellant was a passenger in a car when two grand larcenies occurred. Appellant contends that he did not know that the others planned to break into cars, and did not participate in the thefts of stereo equipment and CDs. He admitted that, after the first theft on September 4th, he voluntarily went with the others when they sold the equipment and he received a small piece of crack

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

cocaine from the proceeds. Regarding the September 7, 1995 offense, appellant testified that he took no active part in the theft and was taken home immediately thereafter.

The Commonwealth's evidence included testimony from the investigating officer, Detective Ramsey, that appellant told him that he knew the purpose of going to the location of the first offense was "[t]o take equipment belonging to Mr. Roberts. It was known there was equipment in his car." As to the September 7, 1995 offense, Ramsey testified that appellant stated as follows:

> [T]he three of them went to a location near Mr. Jackson's house. Mr. Dunn waited in the car, and Mr. Walker and Mr. Kraegers approached Mr. Jackson's vehicle. They entered the vehicle through an unlocked door and took stereo equipment from the vehicle, brought it back to the car. [Appellant] states that they put the speaker box in the trunk, put the amp and a CD player in the car, and he says, I think they got some CD's. That equipment was also taken to the city and traded for crack cocaine which they all used, and that property has not been recovered.

Ramsey stated that appellant admitted to participating and taking the property to the city in exchange for crack cocaine.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "'[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as

the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed.'" Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (quoting Lane v. Lane, 184 Va. 603, 611, 35 S.E.2d 744, 752 (1945)).

In order to convict as an accessory after the fact, the felony must be completed, appellant must know that the felon is guilty and he must receive, relieve, comfort, or assist him. Manley v. Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981). Mere presence and consent will not suffice to make one an accomplice. It must be shown that the alleged accomplice intended to encourage or help the person committing the crime to commit it. Pugliese v. Commonwealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 24-25 (1993). Whether a person aids or abets another in the commission of a crime is a question which may be determined by circumstantial as well as direct evidence. Harrison v. Commonwealth, 210 Va. 168, 171-72, 169 S.E.2d 461, 464 (1969).

While appellant contends that the evidence failed to establish that he did anything other than ride in a car with friends, the trial court was not required to accept his explanation. Appellant admitted to Ramsey that he knew that the others intended to steal on both occasions; he smoked crack cocaine purchased with the money received from disposing of the goods; and he went out with the codefendants three days after the

3

first larceny occurred.  See Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942) (presence during the commission of a crime in connection with other circumstances showing an intent to aid and abet supports a determination that criminal intent existed).  Under the facts of this case, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant was an accessory after the fact to the two grand larcenies.

For the foregoing reasons, we affirm the convictions.

Affirmed.